IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) Criminal Action No. 22-00218-KD |
| | ) |
| **JESSE JAMES WILLIAMS,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER AND FORFEITURE MONEY JUDGMENT

This action is before the Court on the United States' Motion for Forfeiture Money Judgment (doc. 36). Upon consideration, and for the reasons set forth herein, the motion is GRANTED and a Forfeiture Money Judgment in the amount of $20,675.00 is entered against Defendant Jesse James Williams.

Williams was indicted for the offense of wire fraud in violation of 18 U.S.C. § 1343 (Count One). Williams submitted a false and fraudulent Paycheck Protection Program (PPP) loan application to Prestamos CDFI, LLC and the Small Business Administration pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act. As a result, he obtained loan funds in the amount of $20,675.00 from the SBA. The Indictment contained a notice of forfeiture putting Williams on notice that, pursuant to 18 U.S.C. § 982(a)(2)(A)[1] and 28 U.S.C. §

---

[1] Title 18 U.S.C. § 982(a)(2) provides that this "court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate (A) section . . . 1343 . . . of this title, affecting a financial institution, . . . shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." Thus, § 982(a)(2) applies to Williams's conviction for wire fraud in violation of 18 U.S.C. § 1343.

2461(c), the United States would seek forfeiture of all proceeds obtained as a result of the offenses including, but not limited to, a sum of money equal to $20, 675.00.[2]

Williams pled guilty to Count One (doc. 26). In the written plea agreement, he agreed "to confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities" (Id.). In the factual resume, Williams admitted that he received $20,675.00 from the SBA based upon the fraudulent loan application (Id.). The Court accepted Williams' plea and he was found guilty (doc. 28). He is scheduled for sentencing on March 24, 2023 (Id.).

The United States asserts that it could not locate specific property constituting or deriving from the proceeds Williams received from the offense and that Williams no longer has the actual dollars traceable to the loan (doc. 36). Therefore, the United States seeks a forfeiture money judgment pursuant to 18 U.S.C. § 982(a)(2) and Fed. R. Crim. P. 32.2(b)(2), against Williams in the amount of $20,675.00, representing the total proceeds obtained as the result of the offense charged in the Indictment (Id.).

The Federal Rules of Criminal Procedure state that "[a]s soon as practical after . . . a plea of guilty … is accepted… the court must determine what property is subject to forfeiture under the applicable statute" and that "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

---

[2] Fed. R. Crim. P. 32.2(a) (". . . The indictment . . . need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.").

"If the district court cannot calculate the total amount of the money judgment before sentencing, Rule 32.2(b)(2)(C) provides that the district court may enter a general forfeiture order against the defendant that, inter alia, 'states that the order will be amended under Rule 32.2(e)(1) when ... the amount of the money judgment has been calculated.'" United States v. Mincey, 800 Fed. Appx. 714, 726 (11th Cir. 2020).[3]

Here, however, the Court can calculate the total amount of the money judgment before sentencing. Williams pled guilty to Count One charging wire fraud. The wire fraud, submission of a false and fraudulent PPP loan application to the SBA, resulted in a loan distribution traceable to Williams. In the factual resume, Williams admitted receipt of the loan proceeds in the amount of $20,675.00.

Accordingly, upon consideration of the Indictment, Williams' written plea agreement and factual resume, plea of guilty to the offense, and the United States' motion, it is ORDERED, ADJUDGED, AND DECREED, as follows:

> 1) The United States is entitled to, pending possible appeal herein, the property subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(2) and Rule 32.2(b)(2), which includes but is not limited to a money judgment in the amount of $20,675.00, more or less, as a result of Williams' violation of 18 U.S.C. § 1343, wire fraud;
>
> 2) A Forfeiture Money Judgment in the amount of $20,675.00 in United States currency is entered against Defendant Williams, pursuant to 18 U.S.C. § 982(a)(2), and in favor of the United States of America, which sum represents

---

[3] Citing Fed. R. Crim. P. 32.2(b)(2)(C)(iii); see id., advisory committee's note to 2009 amendment (explaining that Rule 32.2(b)(2)(C) authorizes a court "to issue a forfeiture order describing the property in 'general' terms, which order may be amended pursuant to Rule 32.2(e)(1) when additional specific property is identified")).

proceeds traceable to the offense of conviction; Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Forfeiture Money Judgment shall become final as to Williams at the time of sentencing and shall be made part of the sentence and included in the Judgment; and

3) In accordance with 21 U.S.C. § 853(m) and Fed. R. Crim. P. 32.2(e) the United States is authorized to undertake whatever discovery may be necessary to identify, locate, or dispose of substitute assets to satisfy the money judgment. The United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e) to amend this Order to include substitute property having a value not to exceed $20,675.00 to satisfy the money judgment, in whole or in part.

The Court shall retain jurisdiction to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the Forfeiture Money Judgment, pursuant to Fed. R. Crim. P. 32.2(e).

Pursuant to Fed. R. Crim. P. 32.2(c)(1), "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

DONE and ORDERED this 6th day of January 2023.

    s/ Kristi K. DuBose
    KRISTI K. DuBOSE
    UNITED STATES DISTRICT JUDGE